11-1631-cv
Skyline Travel v. Emirates

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of June  two thousand twelve,

Present:        AMALYA L. KEARSE,
                ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges*.

_____

SKYLINE TRAVEL, INC. (NJ), SKYLINE TRAVEL, INC. (TX),
and ABY GEORGE,

                              *Plaintiff-Appellants*,

                -v-                                          11-1631-cv

EMIRATES,

                              *Defendant-Appellee*.

_____

Appearing for Appellant:     Robert G. Leino, Law Offices of Robert G. Leino, New York, NY

Appearing for Appellee:      Lawrence Mentz, Kaplan, Massamillo & Andrews LLC, New
                             York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York  (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Skyline Travel, Incorporated (NJ), Skyline Travel, Incorporated (TX) and Aby George (together, "Skyline") appeal from the March 30, 2011 final judgment of the United States District Court for the Southern District of New York (Swain, *J.*) dismissing its action alleging negligence, antitrust violations, breach of good faith and fair dealing, and tortious interference with contract claims pursuant to Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Skyline argues that Emirates owes them a legal duty of care based on the "unique bond between them and defendant created by a history of contracts, supporting the existence of a legal duty based on the relationship of the parties." However, as the district court correctly determined, Emirates owed Skyline no duty of care. The two were parties to an at-will, noncontractual business relationship. There is no claim sounding in negligence for refusing to do business with another party, so long as the reason for doing so is not illegal. *See, e.g., House of Materials, Inc. v. Simplicity Pattern Co.*, 298 F.2d 867, 872 (2d Cir. 1962) ("each business enterprise must be free to select its business relations in its own interest"); *Turner Constr. Co. v. Seaboard Surety Co.*, 98 A.D.2d 88, 90-91 (1st Dept. 1983) ("The privilege to refuse to deal exists regardless of the actor's motive for refusing to enter business relations with the other and even though the sole motive is a desire to harm the other.") (internal quotation omitted). Emirates needed no reason to end its relationship with Skyline, and owed Skyline no duty to investigate prior to refusing to do business with it any longer.

Skyline also fails to state a valid antitrust claim because it failed to adequately identify the relevant market. Skyline defines the relevant market as "passenger air transportation and related services for New Jersey residents of Indian or Pakistani ethnicity who desired to fly on Emirates between JFK airport in New York, New York and various cities in India and Pakistan, especially in one-stop flights." This market definition fails to include "all products reasonably interchangeable by consumers for the same purposes." *City of New York v. Group Health Inc.*, 649 F.3d 151, 155 (2d Cir. 2011)(internal quotation omitted). Where, as here, the complaint "limit[s] a product market to a single brand, franchise, institution, or comparable entity that competes with potential substitutes" or fails to provide a "plausible explanation as to why a market should be limited in a particular way," the complaint is properly dismissed. *Todd v. Exxon Corp.*, 275 F.3d 191, 200 (2d Cir. 2001); *see also Global Discount Travel Servs. LLC v. Trans World Airlines. Inc.*, 960 F. Supp. 701, 705 (S.D.N.Y. 1997).

We have examined the remainder of Skyline's claims and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk